HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD L. FERGUSON,

    Plaintiff,

    v.

COZEN O'CONNOR, P.C., et al.,

    Defendants.

CASE NO. C12-1381RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the court on Defendants' motion to dismiss and Plaintiff's motion to remand.  The court finds oral argument unnecessary.  For the reasons stated herein, the court DENIES the motion to remand (Dkt. # 12) and GRANTS Defendants' motion to dismiss (Dkt. # 8) in part and DENIES it in part.

## II.   BACKGROUND

Plaintiff Richard Ferguson is a paralegal at the Seattle office of Cozen O'Connor ("Cozen"), a national law firm.  He has worked there since 1999.  According to Mr. Ferguson's complaint, he has been dissatisfied with some aspects of his employment.  Among other things, he believes that Cozen underpays its paralegals by not properly crediting them for the hours they work, including overtime hours.  Mr. Ferguson repeatedly complained, often in writing, about these practices to various people at Cozen, including the attorneys for whom he worked.  He also believes that Cozen and some of its

ORDER – 1

1   principals have retaliated against him by declining to promote him, denying him salary
2   increases and benefits, and more.

3       According to Mr. Ferguson, one Cozen attorney has done more than merely
4   retaliate against him.  Ramona Hunter, according to his complaint, has discriminated
5   against him because of his age.  (He is over 50 years old.)  He contends that she has
6   waged a campaign of harassment against him, has falsely denigrated his skills at a
7   paralegal to others at the firm, and has falsely told others at the firm that he overstated the
8   hours that he worked.

9       Mr. Ferguson complained to firm management about Ms. Hunter's conduct.  Not
10  only did Cozen fail to remedy the situation, the people to whom he complained retaliated
11  against him.  They reduced a salary increase, eliminated his salary bonus, and placed
12  negative reviews in his personnel file.  Mr. Ferguson believes that they did so in part
13  because he was male.

14      By July 2011, Mr. Ferguson had filed an EEOC complaint asserting gender
15  discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and
16  age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").

17      After exhausting his EEOC remedies, he sued Cozen and several of its employees
18  in King County Superior Court.  Before he served anyone, he amended his complaint.
19  The result is a 36-page, 12-cause-of-action complaint in which his strategy was, as he
20  describes it, to "ple[a]d everything he could think of . . . ."  Dkt. # 12 at 11.  Along with
21  his Title VII and ADEA claims, he asserts claims under the Washington Law Against
22  Discrimination ("WLAD"), a claim for breach of various employment contracts, a claim
23  for violations of unspecified federal and state labor laws that appears to encompass his
24  wage-and-hour complaints, a claim for defamation, one for malicious harassment, two for
25  negligent and intentional infliction of emotional distress, a separate claim for outrage, a
26  claim for negligent supervision, and an omnibus claim for "Fraudulent

27
ORDER – 2
28

Inducement/Unfair Competition/Anti-Trust Violations/Abuse of Monopoly Power in Restraint of Trade." He named Cozen as a Defendant, along with four of its lawyers: Ms. Hunter, Jodi McDougall (the managing partner of Cozen's Seattle office), Ann Thornton Field (the chair of Cozen's national commercial litigation department), and Vincent McGuinness (Cozen's national managing partner). He also sued each attorney's spouse, apparently for purposes of pursuing each attorney's community property.

Defendants removed the case to this court soon after Mr. Ferguson served them, invoking this court's subject matter jurisdiction to resolve questions of federal law. Mr. Ferguson asks the court to remand the case; Defendants ask the court, via a motion to dismiss invoking Rule 12(b)(6) of the Federal Rules of Civil Procedure, to substantially pare Mr. Ferguson's complaint. The court now turns to both motions.

### III.   ANALYSIS

**A.      Motion to Remand**

The court could not grant Mr. Ferguson's motion to remand even if it were inclined to do so. He has stated federal claims against the Defendants, and the Defendants have properly removed the action here. *See* 28 U.S.C. § 1441 (defining cases subject to removal); 28 U.S.C. § 1446 (stating removal procedures). In these circumstances, the court has no discretion to remand this action in its entirety. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006); *Clark v. City of Gig Harbor*, No. 09-4099FBB, 2009 U.S. Dist. Ct. LEXIS 38524, *10 (W.D. Wash. Apr. 20, 2009) (collecting out-of-circuit authority).

The court does have discretion to decline to exercise supplemental jurisdiction over Mr. Ferguson's state law claims. 28 U.S.C. § 1367(c). If the court were to exercise that discretion, the result would be that Mr. Ferguson's federal claims would remain in this forum while the state court would resolve his claims arising under Washington law. That result would be in no one's interest, including Mr. Ferguson's.

ORDER – 3

1
2
3
4
5
6
7
8
9
10
11
12

Mr. Ferguson's principal reason for requesting remand is that he is proceeding without an attorney and he is more familiar with state court procedures than federal court procedures.  Nonetheless, Mr. Ferguson has stated federal claims, and his bare preference for state court is neither a legitimate reason to remand the federal claims nor a legitimate basis to decline supplemental jurisdiction over his state claims.  As long as Mr. Ferguson's federal claims remain part of this suit, the court will not decline jurisdiction over his state law claims.  Indeed, the court could retain jurisdiction over the state law claims even if his federal claims were to reach a resolution.  *See Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 937 (9th Cir. 2003).  The court routinely exercises supplemental jurisdiction over Washington law claims intertwined with claims invoking the anti-discrimination provisions of Title VII and other federal statutes.  This case presents no circumstances warranting a departure from that practice.

13

**B.     Motion to Dismiss**

14
15
16
17
18
19
20
21
22
23
24
25
26

Defendants' attempt to pare back Mr. Ferguson's complaint invokes Federal Rule of Civil Procedure 12(b)(6), which permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  In considering whether a complaint states a claim, the court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief.  *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").  The court typically cannot consider evidence beyond the four corners of the complaint, but it may rely on a

27
28

ORDER – 4

document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider facts subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### 1. The Court Will Not Further Delay Consideration of the Motion to Dismiss.

Before applying these standards to Defendants' motion, the court addresses Mr. Ferguson's requests for additional time to respond to the motion to dismiss. Mr. Ferguson contends that he needs additional time either to prepare a response to the motion to dismiss or to find counsel. The court will not delay consideration of the motion any further.

As to Mr. Ferguson's request for additional time to find counsel, the court observes that he filed an EEOC complaint in July 2011 and filed his initial complaint in King County in May 2012. Mr. Ferguson has apparently been unable to find counsel in the more than 18 months since he began contemplating suit. There is no indication that giving him additional time would be of any benefit.

As to his request for additional time to respond to the motion to dismiss, Defendants offered him a 30-day extension. He nonetheless timely responded to the motion to dismiss on September 10, although his response consisted of little more than a request for additional delay. More than four weeks later, Mr. Ferguson submitted an amended opposition. Defendants did not object to his untimely submission, although they did request that the court strike a host of arguments Mr. Ferguson made that were not in opposition to the motion to dismiss.[1] In total, Mr. Ferguson had more than six

---

[1] Mr. Ferguson contends that Cozen has improperly interfered with his ability to prepare a response to the motion to dismiss using Cozen resources, and argues that this is retaliation meriting sanctions and an order requiring Cozen to permit him to use its resources in this litigation. The court suggests no opinion on the merits of these assertions, but agrees that an opposition to a motion to dismiss is no place to bring a motion for sanctions and what amounts to a motion for a preliminary injunction.

ORDER – 5

weeks from the day the Defendants filed their motion to dismiss to the time he submitted his response.  That is more than enough time.

Mr. Ferguson also contends that he needs discovery before responding to the motion to dismiss, but he is mistaken.  Discovery permits a party to obtain evidence, and evidence is not necessary to oppose a motion to dismiss.  An opposition to a motion to dismiss relies solely on the allegations of the complaint.

### 2.      Several of Mr. Ferguson's Claims Name Improper Defendants.

All of Mr. Ferguson's claims name Cozen and at least one individual as Defendants.  As to several of those claims, however, Cozen is the only proper Defendant. Title VII and ADEA claims are available only against an employer, not individual agents of the employer.  *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993).  Mr. Ferguson does not allege that he entered employment contracts with any individual Defendant, yet he names every individual Defendant in his breach of contract cause of action.  The court dismisses all of Mr. Ferguson's federal statutory claims and his breach of contract claim to the extent they name any Defendant other than Cozen.

As to several claims, Defendants object that Mr. Ferguson improperly named the spouses of the Cozen attorneys, pointing to various reasons that the spouses cannot be liable.  It appears that the only reason Mr. Ferguson has named the spouses is to preserve his claims against their marital community.  To the extent that he has another basis to hold the spouses liable, his complaint fails to adequately allege it.  It is probably unnecessary to continue to maintain this suit against the spouses, and the court expects that the parties should be able to negotiate a resolution that eliminates the need to name them as Defendants.  The court declines, however to dismiss the spouses as Defendants except as otherwise stated in this order.   Also, although no Defendant raises this issue, the court observes that at least two of the "marital communities" that Mr. Ferguson targets are residents of Pennsylvania, which is not a community property state.

ORDER – 6

### 3.      Mr. Ferguson Has Not Adequately Alleged Defamation.

The only defamatory statements to which Mr. Ferguson points are statements that Cozen attorneys made within the firm about his job performance.  There is no allegation that anyone disseminated those statements outside the firm.  False statements, even false statements that damage an employee's reputation, are not defamatory if they are communicated only within the employee's workplace.  *Doe v. Gonzaga Univ.*, 24 P.3d 390, 397-98 (Wash. 2001) (discussing intracorporate communications), *rev'd on other grounds*, *Gonzaga Univ. v. Doe*, 534 U.S. 1103 (2002).  Mr. Ferguson's failure to allege dissemination of any potentially defamatory statement outside of Cozen is fatal to his defamation claim.

### 4.      Mr. Ferguson Has Not Adequately Alleged Fraud.

The court agrees with Defendants that Mr. Ferguson's allegations of fraud or fraudulent inducement fail to satisfy the heightened pleading standards of Fed. R. Civ. P. 9(b).

### 5.      This Is Not An Antitrust Case.

Mr. Ferguson's efforts to weave this employment dispute into an antitrust or unfair competition claim are unavailing.  His allegations fail to state such a claim.

### 6.      Mr. Ferguson Has Not Adequately Pleaded Malicious Harassment.

Defendants assume (and Mr. Ferguson does not dispute) that his claim for malicious harassment invokes RCW § 9A.36.083, which permits a civil action against someone who has committed the crime described in RCW § 9A.36.080.  That crime requires physical injury, damage to property, or threats to inflict such damage.  Mr. Ferguson's complaint does not allege that anyone harmed him, his property, or threatened to do so.

ORDER – 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 7.  Outrage and Intentional Infliction of Emotional Distress Are One and the Same.

Mr. Ferguson attempts to assert both the tort of outrage and the tort of intentional infliction of emotional distress, not recognizing that he is merely placing different labels on the same tort. *Kloepfel v. Bokor*, 66 P.3d 630, 631 n.1 (Wash. 2003).  The court dismisses his outrage claim.

### 8.  The Court Will Not Dismiss Mr. Ferguson's Emotional Distress Claims As Duplicative.

Defendants correctly point out that Mr. Ferguson can recover emotional distress damages via his employment discrimination claims and via his claims for intentional and negligent infliction of emotional distress.  The time to ensure that he does not recover duplicative damages is at trial or upon entry of judgment.  Not only is it unnecessary to dismiss these claims merely because they raise the possibility of duplicative damages, it would be improper to do so.  It is possible, based on Mr. Ferguson's allegations, that he can demonstrate the infliction of emotional distress beyond the scope of any of the employment statutes he invokes.  Moreover, the court cannot, at this juncture, rule out that Mr. Ferguson can prove both intentional and negligent infliction of emotional distress arising out of different incidents.

### 9.  Some, But Not All, of Mr. Ferguson's Claims Might Be Salvaged With an Amended Complaint.

Mr. Ferguson has requested that he be permitted to amend his complaint, although he has not stated what changes he would make to salvage his claims.  Nothing prohibits Mr. Ferguson from filing a proper motion to amend his complaint.  The court's dismissal of Mr. Ferguson's claims is without prejudice.  The only exceptions are his claims invoking federal antidiscrimination statutes against individuals and his duplicative outrage claim.  No amendment could make those claims viable.

ORDER – 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV.   CONCLUSION**

For the reasons previously stated, the court DENIES Mr. Ferguson's motion to remand (Dkt. # 12) and GRANTS Defendants' motion to dismiss (Dkt. # 8) in part and DENIES it in part.

DATED this 22nd day of January, 2013.

_____

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 9